# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| RENIKE SPEED, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:19-cv-00233-DCLC-CHS |
| RED BANK OPERATIONS, LLC, | ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), the parties respectfully move the Court for an order approving a settlement of Plaintiff's FLSA claims. As explained below, the proposed settlement includes payment of 100% of Plaintiffs' alleged overtime back pay; liquidated damages amounting to 50% of Plaintiffs' alleged overtime back pay; and statutory attorneys' fees and costs.

### I. Background, Factual Allegations, and Disputed Facts

Plaintiff was employed by Defendant at its nursing home facility in Chattanooga from approximately March of 2018 through the present. She was employed as a cook and was paid an hourly wage for her work. Plaintiff alleges that she performed certain uncompensated work "off the clock" in violation of Section 207(a)(1) of the FLSA. More specifically, Plaintiff alleges that she performed work before clocking in to begin her scheduled shift and worked through her lunch breaks without receiving compensation. Defendant denies that Plaintiff worked off the clock; denies that it had actual or constructive knowledge of Plaintiff's alleged work off the clock; and asserts that even if Plaintiff worked off the clock, she did not work as many uncompensated overtime hours as she alleges.

Plaintiffs' overtime back-pay claim was arrived at by multiplying Plaintiff's estimated number of uncompensated overtime hours during each week of employment by her overtime rate for that week. Based on the foregoing, Plaintiff's alleged overtime back pay claim is $8,136.87. Defendant denies FLSA liability, and there is a bona fide dispute about whether and the extent to which Plaintiff performed uncompensated work off the clock.

## II. Proposed Settlement Terms

Defendant has agreed to a settlement in which it will pay Plaintiff 100% of her alleged overtime back pay, totaling $8,136.87. Defendant will also pay each Plaintiff liquidated damages totaling $4,068.43, which amounts to 50% of her alleged overtime back-pay claim. See 29 U.S.C. § 216(b). Defendant will also separately pay to Plaintiffs' counsel statutory attorneys' fees totaling $8,400.00 and costs in the amount of $525.00. Id. In return for these payments, Plaintiff will provide a dismissal with prejudice upon court approval of the settlement. Plaintiff will not sign a written settlement agreement in return for these settlement payments, and all of the terms of this settlement are set forth in this motion.[1]

## III. Legal Analysis

The Court must determine whether a proposed FLSA settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised in order to approve the settlement. *Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350, 1354-1355 (11th Cir. 1982); *see also*, *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (noting, "Before approving a settlement, a district court must conclude that it is fair, reasonable and adequate."). In the adversarial context of a lawsuit in

---

[1] Plaintiff also has a claim for race discrimination under Title VII of the Civil Rights Act of 1964, which she has settled separately for separate additional consideration pursuant to a settlement agreement that excludes her FLSA claims.

which the employee is represented by counsel, a settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. *Lynn's Food Stores*, 679 F.2d at 1354.

In the present case, the parties agree that there is a bona fide dispute about whether and the extent to which Plaintiff performed uncompensated work for which she is entitled to recover overtime back pay pursuant to the FLSA. The proposed settlement would provide Plaintiff with 100% of her alleged overtime back pay; liquidated damages amounting to 50% of her alleged overtime back pay claim; and a separate payment of attorneys' fees and costs. It is the opinion of counsel for Plaintiff that the proposed settlement is a fair and reasonable compromise of a disputed claim. *See, e.g., Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1127, 1241 (M.D. Fla. 2010) (opinions of counsel considered in evaluating fairness of settlement).

For the foregoing reasons, the parties respectfully submit that the proposed settlement should be approved by the Court. Attached hereto for the Court's consideration is a proposed Order.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 013839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
 Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)

john.mccown@warrenandgriffin.com

Attorneys for Plaintiff

/s/Russell W. Gray
Russell W. Gray (TN 016120)
J. Lane Crowder (TN 027826)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
(423) 209-4218
rgray@bakerdonelson.com
lcrowder@bakerdonelson.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2020, a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on Russell W. Gray and J. Lane Crowder, Baker Donelson, Bearman, Caldwell, & Berkowitz, P.C. 6300 Chestnut Street, Suite 1900, Chattanooga, TN, rgray@bakerdonelson.com, lcrowder@bakerdonelson.com.

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.